## LIABILITY OF SURVIVING PARTNER FOR TAXES.

Common Pleas Court of Hamilton County.

WILLIAM A. HOPKINS, TREASURER OF HAMILTON COUNTY, v. THE THOMAS H. OSBORNE COMPANY ET AL.

Decided, February 25, 1913.

*Taxation—Surviving Partner of Dissolved Partnership Liable for Unpaid Taxes.*

A tax, whether regarded as a debt or a claim, is an indebtedness which may be recovered from a surviving partner of a firm which has been dissolved.

*Charles A. Groom,* Assistant Prosecuting Attorney, for plaintiff.

*Matthews & Matthews,* contra.

.DICKSON, J.

This is an action by the county treasurer to recover a judgment against a firm, Thomas H. Osborne & Company, now dissolved, and also against Frank J. Lamping, its sole surviving partner, on account of personal taxes charged against the firm and not paid.

Lamping files a general demurrer to the petition.

At dissolution each partner is liable for the firm debts and claims, and the personal representative of a deceased partner may be sued therefor. *Swan's Treatise,* 22d Ed., p. 664.

At common law:

"A tax, in its essential characteristics, is not a debt, nor in the nature of a debt. A tax is an impost levied by authority of government, upon its citizens or subjects, for the support of the state. It is not founded upon a contract or agreement. It operates *in invitum.*" *Peter* v. *Parkinson, Treas.,* 83 O. S., 36 and 47; and cases there cited.

In *Creps* v. *Baird,* 3 Ohio St., 277, the court say:

Syllabus. "Taxes due upon lands are a personal debt of him in whose name the lands are listed when the taxes accrue, as well as a lien upon the lands * * * "; and the obiter at page 279 is to the same effect, citing "Swan's St., New Ed., 68, Sec. XLI, 1010, Sec. XIX, 1015, Sec. II."

By reference to these sections in Swan it is readily seen that the common law rule is there abrogated, and by reference to the following sections of the General Code it is readily seen that the common law here is abrogated.

Section 5320. " The word person used in this title (the following sections) includes firms, companies, associations and corporations." * * *

Section 5328 provides all real and personal property in Ohio unless expressly exempt should be subject to taxation and listed.

Section 5370. "Each person of full age and sound mind shall list the personal property of which he is the owner. * * * Property of a company, firm, * * * by a partner." * * *

Section 5697 provides that when personal taxes stand charged against a person, and are not paid in due time, the treasurer in

addition to other remedies shall enforce their collection by civil action, and then prescribes what shall be stated in the bill before the justice or in the petition here, and states what shall be *prima facie* evidence.

Section 5698 provides that if judgment be had it shall be in favor of the treasurer as in other cases and that there shall be no stay of execution to interfere with its enforcement.

A tax is a claim. It is the assertion of a right—a right to demand something, and even if the code had not so provided, this right to demand a tax could be asserted in a court, resulting in a judgment and its enforcement. In this sense the present code is not in abrogation of but is declaratory of the common law, and differs from it only in telling how the claim may be enforced.

Whether a tax be a debt or a claim, it creates an indebtedness, and if not satisfied can be enforced.

In Ohio a partnership debt or claim is joint and several and can not be apportioned. If any part of the claim, tax or other claim be good, the whole is good.

The facts stated in the petition, if proven to be true, are sufficient to state a cause of action against Lamping.

The demurrer will be overruled.